UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| MARK V.,<br><br>    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER REVERSING AND REMANDING COMMISSIONER'S DECISION**<br><br><br>Case No. 1:20-cv-00131<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Mark V.[1] filed this action asking the court to reverse and remand the Acting Commissioner of the Social Security Administration's ("Commissioner") decision denying his application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–34. (*See* Mot. for Review of Agency Action ("Opening Br.") 2, Doc. No. 18.) The Administrative Law Judge ("ALJ") determined Mr. V did not qualify as disabled. (Certified Tr. of Admin. R. ("Tr.") 7–20, Doc. No. 16.) Mr. V argues the ALJ erred as a matter of law by: (1) failing to include all his cognitive limitations in the residual functional capacity determination, (2) failing to propose a complete hypothetical question to the vocational expert, (3) failing to address a medical opinion denoting additional limitations, (4) failing to consider his drowsiness and fatigue, and (5) not considering his global assessment of functioning "GAF" scores. (Opening Br. 7–8, Doc. No. 18.) The court[2] has carefully reviewed the record and the parties'

---

[1] Pursuant to best practices in the District of Utah addressing privacy concerns in certain cases, including Social Security cases, the court refers to Plaintiff by his first name and last initial only.

[2] The parties consented to proceed before a magistrate judge in accordance with 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. (Doc. No. 13.)

1

briefs.[3] Because the ALJ failed to explain why he did not include a functional limitation found by Dr. Mark Corgiat (whose opinions the ALJ found persuasive) into the residual functional capacity determination, the court reverses and remands the Commissioner's decision.

## STANDARD OF REVIEW

Section 405(g) of Title 42 of the United States Code provides for judicial review of a final decision of the Commissioner. This court reviews the ALJ's decision and the whole record to determine if substantial evidence supports the ALJ's factual findings and whether the ALJ applied the correct legal standards. 42 U.S.C. § 405(g); *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007); *Glenn v. Shalala*, 21 F.3d 983, 984 (10th Cir. 1994). The court may not substitute its judgment for that of the ALJ nor may it reweigh the evidence. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004).

"[A]n ALJ's factual findings . . . shall be conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153, ___ U.S. ___ (2019) (internal quotation marks omitted). Although the evidentiary sufficiency threshold for substantial evidence is "not high," it is "more than a mere scintilla." *Id.* at 1154 (internal quotation marks omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Lax*, 489 F.3d at 1084 (internal quotation marks omitted).

---

[3] The appeal will be determined on the written memoranda as oral argument is unnecessary. DUCivR 7-1(g).

2

APPLICABLE LAW

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual is considered disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A).

In making this disability determination, the ALJ employs a five-step sequential evaluation, considering whether:

1) The claimant presently engages in substantial gainful activity;

2) The claimant has a severe medically determinable physical or mental impairment;

3) The impairment is equivalent to one of the impairments listed in the appendix of the relevant disability regulation which preclude substantial gainful activity;

4) The claimant possesses a residual functional capacity to perform past relevant work; and

5) The claimant possesses a residual functional capacity to perform other work in the national economy considering his/her/their age, education, and work experience.

*See* 20 C.F.R. §§ 404.1520(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988). The claimant has the burden, in the first four steps, of establishing the disability. *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). At step

five, the burden shifts to the Commissioner to show the claimant retains the ability to perform other work existing in the national economy. *Id.*

## PROCEDURAL HISTORY

Mr. V. applied for disability insurance benefits on April 17, 2018, alleging disability beginning July 1, 2017 (which he amended to April 16, 2017 at the hearing). (Tr. 178, 36, 10.) After an administrative hearing on December 13, 2019, (*id.* at 31–70), the ALJ issued a decision on January 10, 2020, finding Mr. V. not disabled and denying benefits, (*id.* at 7–20).

At step two of the sequential evaluation, the ALJ determined Mr. V. had the severe impairments of neurocognitive disorder due to remote traumatic brain injuries, bipolar disorder, impulse control disorder, and degenerative disc disease of the cervical spine. (*Id.* at 12.) At step three, the ALJ found Mr. V.'s impairments did not meet or equal the severity of an impairment listing. (*Id.* at 13.) Between steps three and four, the ALJ determined Mr. V. had the residual functional capacity ("RFC") to perform light work with the following limitations:

> [H]e can only occasionally balance, stoop, crouch, kneel, crawl, or climb ramps or stairs; he should never climb ladders or scaffolds as part of his job duties; he can frequently reach in all directions; he should have no exposure to industrial hazards such as industrial machinery and unprotected heights; he should only make simple work-related judgments and decisions; he can understand, remember, and carry out only short and simple instructions; he can have no more than occasional changes in a routine work setting; he can have no more than occasional contact with the public, coworkers, or supervisors; he can perform goal-oriented work, but not fast-paced work.

(*Id.* at 14.) With this RFC, the ALJ found Mr. V. unable to perform any of his past, relevant work. (*Id.* at 18.) However, the ALJ concluded jobs existed in significant numbers in the national economy which Mr. V. could perform. (*Id.*) The Appeals Council denied Mr. V.'s request for review, (*id.* at 1), making the ALJ's decision final for purposes of judicial review.

DISCUSSION

Mr. V. makes five claims of error. He argues the ALJ erred as a matter of law by failing to: (1) include all his cognitive limitations in the RFC determination, (2) propose a complete hypothetical question to the vocational expert, (3) address a medical opinion denoting additional limitations, (4) consider his drowsiness and fatigue, and (5) consider his GAF scores. (Opening Br. 7–8, Doc. No. 18.) Because the ALJ failed to state why he did not incorporate limitations into his RFC findings from a medical opinion he found persuasive, the decision must be reversed. Accordingly, the court does not reach Mr. V.'s other claims of error.

"The final responsibility for determining RFC rests with the Commissioner," and is "based upon all of the evidence in the record." *Corber v. Massanari*, 20 F. App'x 816, 822 (10th Cir. 2001) (unpublished). The court reviews the RFC assessment to determine whether substantial evidence supports the ALJ's factual findings and whether the ALJ applied the correct legal standards. 42 U.S.C. § 405(g); *Lax*, 489 F.3d at 1084; *Glenn*, 21 F.3d at 984. "Failure to apply the correct legal standard or to provide [a] court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted); *see also Jefferson L. v. Kijakazi*, No. 2:20-cv-00740, 2022 U.S. Dist. LEXIS 43396, at *4 (D. Utah Mar. 10, 2022) (unpublished). Although an ALJ need not discuss each piece of evidence, the record must show the ALJ "considered all of the evidence." *Clifton v. Chater*, 79 F.3d 1007, 1009–10 (10th Cir. 1996). "[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Id.*

"The RFC assessment must always consider and address medical source opinions." Soc. Sec. Ruling 19-8p, 1996 SSR LEXIS 5, *20. If an RFC determination "conflicts with an opinion from a medical source, the [ALJ] must explain why the opinion was not adopted." *Id.*; *see also Seegmiller v. Kijakazi*, No. 4:20-cv-00124, 2021 U.S. Dist. LEXIS 167308, at *13 (D. Utah Sept. 1, 2021) (unpublished). Put another way, where an ALJ "assigns an RFC that contradicts a medical source opinion, the ALJ must explain why she did not account for the medical opinion in her RFC determination." *Gonzales v. Kijakazi*, No. 20-914, 2022 U.S. Dist. LEXIS 1778, at *26 (D.N.M. Jan. 5, 2022) (unpublished) (citing *Givens v. Astrue*, 251 F. App'x 561, 568 (10th Cir. 2007) (unpublished)); *see also Haga v. Astrue*, 482 F.3d 1205, 1207–08 (10th Cir. 2007). Failure to do so is grounds for remand. *Gonzales*, 2022 U.S. Dist. LEXIS 1778, at *26.

The Social Security Administration implemented new regulations for evaluating medical evidence for cases filed on or after March 27, 2017, like Mr. V.'s. *See Revisions to Rules Regarding the Evaluation of Med. Evidence*, 82 Fed. Reg. 5844 (Jan. 18, 2017) (technical errors corrected by 82 Fed. Reg. 15132 (Mar. 27, 2017)); 20 C.F.R. § 404.1520c(b). Under the new regulations, the ALJ does not weigh medical opinions or "defer or give any specific evidentiary weight, including controlling weight," to any medical opinions. 20 C.F.R. § 404.1520c(a). Instead, the ALJ assesses the persuasiveness of medical opinions and findings based, primarily, on supportability and consistency. *Id.* These new regulations do not "alter the Tenth Circuit's requirement that an ALJ must explain her rejection of any medical source opinions in the record concerning the claimant's RFC." *Gonzales*, 2022 U.S. Dist. LEXIS 1778, at *30; *see also Desiree T. v. Kijakazi*, No. 20-1330, 2022 U.S. Dist. LEXIS 35468, at *12 (D.N.M. Mar. 1, 2022) (unpublished) ("[T]here is no reason to think the regulations altered settled principles of administrative law pertaining to how ALJs review evidence."). This requirement stems in part

from the premise that an ALJ must discuss any "significantly probative evidence [she] rejects." *Gonzales*, 2022 U.S. Dist. LEXIS 1778, at *30 (alteration in original) (quoting *Clifton*, 79 F.3d at 1009–10). This explanation on the record enables courts to conduct a meaningful review. *Id.*

In *Gonzales*, the District of New Mexico found "the ALJ failed to provide adequate reasons for rejecting [a doctor's] opinions" in an RFC determination. *Id.* at *31–32. There, "the ALJ failed to even mention, much less explain her rejection of, several of the work-related limitations" the doctor's opinion included. *Id.* at *32. The court found that because "the ALJ did not discuss [the limitations], the [c]ourt does not know whether the ALJ considered them and if so, what her reasons were for rejecting them." *Id.* Because of this, the court could not "determine whether the ALJ applied correct legal standards with respect to the opinions she failed to discuss" and had to remand the case. *Id.*; *see also Pohl v. Saul*, No. 1:20-cv-00111, 2021 U.S. Dist. LEXIS 46917, at *23 (D.N.M. Mar. 11, 2021) (unpublished).

Here Mr. V. argues the ALJ erroneously failed to explain why he did not include a limitation on Mr. V.'s ability to remember and carry out simple instructions in his RFC finding. (Opening Br. 11–12, Doc. No. 18 (citing Tr. 17).) Specifically, Dr. Mark Corgiat examined Mr. V. and found he "demonstrate[d] functional cognitive difficulties that would interfere with consistency in understanding, carrying out and remembering both complex *and simple* instructions." (Tr. 549 (emphasis added).) The ALJ found Dr. Corgiat's opinion "persuasive," because it was "supported by the examination report, including [Mr. V.'s] performance on the WAIS-IV test, and [was] consistent with the claimant's consistent reports of a decline in cognitive function since his traumatic brain injuries." (*Id.* at 17.)

Dr. Garrett Chesley and Dr. Joan Zone also opined on Mr. V.'s limitations. (Def.'s Answer Br. 5, Doc. No. 30 (citing Tr. 85, 104).) Dr. Chesley opined Mr. V. was "capable of

7

some detailed, repetitive tasks in a lower stress work environment (less demanding cognitive load) with minimal social /public contact." (Tr. 86.) Citing Dr. Chesley's findings, Dr. Zone found Mr. V. could "engage in tasks requiring [thirty] days or less in training and [which were] repetitive" and found "moderate limitations in maintaining socially appropriate behavior." (*Id.* at 105.) Both doctors also found Mr. V. "[n]ot significantly limited" in his "ability to understand and remember very short and simple instructions," (*id.* at 85, 104)—although these findings were not mentioned by the ALJ. The ALJ found Dr. Chesley's and Dr. Zone's opinions "partially persuasive," noting they "did not adequately account for [Mr. V.'s] impulse control issues" and the restriction to a "lower stress work environment" was vague. (*Id.* at 17 (citing Tr. 72–89, 91–108.)

Mr. V. argues a critical inconsistency results from the fact that the ALJ found Dr. Corgiat's opinion persuasive while failing to include the limitations the doctor found in the RFC determination. Specifically, although Dr. Corgiat opined Mr. V. had limitations in understanding, carrying out and remembering both complex and simple instructions, the ALJ determined Mr. V. could "understand, remember, and carry out only short *and simple* instructions." (Opening Br. 12, Doc. No. 18 (citing Tr. 17).) Mr. V. contends the ALJ legally erred by not explaining why he rejected a portion of the same medical opinion he found persuasive. (*Id.*) And he contends this inconsistency is not reconciled elsewhere in the ALJ's decision. (*Id.*) For her part, the Commissioner argues the ALJ appropriately created an RFC reflecting a middle ground between conflicting medical opinions. (Def.'s Answer Br. 5–6, Doc. No. 30 (citing Tr. 14, 17).) Mr. V. contends the Commissioner's argument amounts to impermissible post-hoc rationalization. (Pl.'s Reply Br. 3, Doc. No. 31.)

The Commissioner cites *Smith v. Colvin*, 821 F.3d 1264 (10th Cir. 2016), in support of her position. (*See* Def.'s Answer Br. 6, Doc. No. 30.) In *Smith*, the Tenth Circuit concluded that when "[f]aced with conflicting opinions," an ALJ could "adopt[] a middle ground," creating a RFC "assessment between the two medical opinions without fully embracing either one." 821 F.3d at 1268. The problem with the Commissioner's reliance on *Smith* is that it's impossible to discern whether the ALJ in this case adopted a middle ground between conflicting opinions—or whether he simply failed to account for limitations contained in a medical opinion he found persuasive.

This is where the reversible error lies. The ALJ found Dr. Corgiat's opinion well-supported and persuasive but neglected to incorporate the limitations found by Dr. Corgiat into the RFC determination. And he failed to explain why he did not include those limitations. The Commissioner posits that the ALJ instead considered Dr. Chesley's, Dr. Zone's, and Dr. Corgiat's opinions as to Mr. V.'s ability to carry out and remember simple instructions and created a middle ground. (Def.'s Answer Br. 5–6, Doc. No. 30 (citing Tr. 85, 104).) But the ALJ did not mention those portions of Dr. Chesley's or Dr. Zone's opinions, nor did he state in his decision an intent to rely on those opinions as opposed to Dr. Corgiat's. And he found Dr. Chesley's and Dr. Zone's opinions only partially persuasive, while he found Dr. Corgiat's fully persuasive. To credit portions of Dr. Corgiat's opinion and reject others, the ALJ must explain what he credited and rejected, and why. Otherwise, judicial review is impossible.

To assume the ALJ used portions of Dr. Chesley's and Dr. Zone's opinions (which he did not mention) as a basis for rejecting Dr. Corgiat's opinion (which he found persuasive) would amount to impermissible post-hoc justification. *See Haga*, 482 F.3d at 1207–08 ("[The] court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not

9

apparent from the ALJ's decision itself."). The same can be said for using other evidence in the record to reject Dr. Corgiat's opinion, in the absence of any explanation. It is simply not apparent from the ALJ's decision that he adopted a middle ground. It is only apparent that the ALJ failed to explain why he rejected a medical opinion he found persuasive, when making an inconsistent RFC determination. *See Gonzales*, 2022 U.S. Dist. LEXIS 1778, at *31–32. This leaves the court in the arena of guessing and speculation, preventing meaningful review.

Where the ALJ's RFC determination conflicts with a medical opinion the ALJ found persuasive—and the ALJ failed to explain the inconsistency—the ALJ erred. Because the ALJ's reasons were not articulated with any particularity (preventing meaningful review of the RFC determination), the decision must be remanded for further proceedings. The court need not address Mr. V.'s remaining claims of error where the court is reversing on other grounds. On remand, the evidence should be reconsidered in whole. *Cf.* HALLEX I-2-8-18.

## CONCLUSION

For the reasons set forth above, the court REVERSES the Commissioner's decision and REMANDS the case for further proceedings consistent with this order.

DATED this 25th day of March, 2022.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge